UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCOS ISAAC ROJAS,

                 Plaintiff,

v.

SHELTER CORPORATION, and

KYLE DIDIER,

                 Defendants.

Civil No. 25-1675 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING CASE**

Marcos Isaac Rojas, 70 Mahtomedi Avenue, #212, Mahtomedi, MN 55115, *pro se*.

Anthony William Joyce, Debra L. Weiss, and Julia J. Nierengarten, **MEAGHER & GEER, P.L.L.P.**, 33 South Sixth Street, Suite 4300, Minneapolis, MN 55402, for Defendants.

Plaintiff Marcos Isaac Rojas ("Rojas") initiated this case in State of Minnesota District Court, Washington County, bringing claims against Defendants Shelter Corporation ("Shelter") and its President, Kyle Didier ("Didier"). Defendants own and manage the apartment complex where Rojas lives, and Rojas's claims relate to alleged race-based harassment and discrimination by other tenants. Defendants removed and now move to dismiss. Because Rojas has failed to plausibly allege violations of the federal Fair Housing Act, the Court will grant Defendants' Motion to Dismiss pertaining to those claims. The Court will remand Rojas's remaining state-law claims to state court.

**BACKGROUND**

Shelter "is a property management company that manages a variety of apartment complexes, townhomes, and single-family homes." (Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") at 2, Apr. 30, 2025, Docket No. 6.) Rojas lives at an apartment complex managed by Shelter. (*Id.*)

Rojas initiated this case in State of Minnesota District Court, Washington County. (Not. Removal, Apr. 23, 2025, Docket No. 1.) The exhibits attached to Rojas's Complaint (Not. Removal, Ex. 1, State Court Summons and Complaint ("Compl."), Apr. 23, 2025, Docket No. 1-1) present the following allegations:

- In October 2020, Rojas contacted the Washington County Community Development Agency ("CDA") to inform them that he had been the victim of "harassment" from other tenants in his apartment complex, including referring to him as "that Mexican," accusing him of stealing gas from cars in the garage, and accusing him of ruining the washers and dryers in their building. (Compl., Ex. 7.) The CDA informed Rojas's building manager of these concerns. (*See id.*)

- In April 2021, Rojas contacted the CDA and the managers of his apartment complex to complain of discriminatory actions by tenants, stating that his car had been intentionally vandalized. (*Id.*, Ex. 6.) His letter stated that "I feel that Shelter Corporation take my complaints with skepticism." (*Id.*)

- In June 2021, Rojas again contacted the CDA and the managers of his apartment complex to report an incident in which one of his neighbor's cars attempted "to hit the rear bumper" of his car. (*Id.*, Ex. 5 Rojas stated that he wanted "to see what actions are taken to end the physically, verbally harassment, due to my color, language and ethnicity." (*Id.*, Ex. 5)

- On June 20, 2024, Rojas wrote a letter to the Housing Authority Board of Directors "regarding . . . ongoing acts of discrimination . . . that have occurred for more than 5 years." (*Id.*, Ex. 2.) He stated that he and a friend had been the subject of "bad language of discrimination toward our ethnicity and language" by other tenants. (*Id.*) He further stated that "three tenants . . . accuse me of damaging the lid of the driers," and that another tenant "call me a Mexican with her eyes full of hate." (*Id.*) Rojas wrote that "Kyle Didier the president of Shelter Corporation has shown no interest in take action if any, or contact me regarding my complaints of discrimination." (*Id.*) Rojas alleged that Didier, as "retaliation" for filing a lawsuit against him, installed "a camera exclusively to look my parking spot." (*Id.*)

Rojas's Complaint contains four counts.[1] Count 1 alleges violations the Minnesota Human Rights Act (Minn. Stat. §§ 363A.09, *et seq.*); Counts 2 and 4 allege violations of the federal Fair Housing Act (42 U.S.C. §§ 3601–3619) ("FHA"); and Count 3 alleges violations of Minn. Stat. §§ 181.960–181.965, which govern employees' access to personnel records. (Compl. at 5–6.)

Defendants removed the case to federal court, alleging proper subject matter jurisdiction because Rojas's FHA claims raise a federal question, and supplemental jurisdiction over the remainder of Rojas's claims. (Not. Removal ¶¶ 5, 10.) Defendants subsequently filed a Motion to Dismiss seeking dismissal of Rojas's Complaint in its entirety.[2] (Defs.' Mot. Dismiss, Apr. 30, 2025, Docket No. 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint

---

[1] Rojas subsequently filed an Amended Complaint (May 8, 2025, Docket No. 14) and a Second Amended Complaint (Jun. 16, 2025, Docket No. 26). Defendants filed an Amended Motion to Dismiss (May 27, 2025, Docket No. 20) and a Second Amended Motion to Dismiss (June 16, 2025, Docket No. 31). Because the two Amended Complaints simply restate verbatim the claims from Rojas's initial state court complaint, the Court will treat Rojas's initial state court Complaint and Defendants' initial Motion to Dismiss (and accompanying Memorandum in Support) as the operative filings for the purposes of this Order.

[2] Rojas responded to the motion with a filing styled as a "Motion to Proceed." (Pl.'s Mot. Proceed, May 12, 2025, Docket No. 12.)

states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, to survive a motion to dismiss, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court liberally construes documents filed by a pro se litigant and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from complying with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II. DEFENDANTS' MOTION TO DISMISS

Defendants argue that Rojas fails to state a claim for relief under any of the four counts in his Complaint. The Court will first address Rojas's claims arising under federal law.

### A. Rojas's Fair Housing Act Claims

Rojas alleges that Defendants violated the FHA by failing to protect Rojas from "unwelcome verbal conducts against my national origin, race, gender, color, and language by treating me different without a legitimate or reasonable justification." (Compl. at 5.) Further, Rojas states that after filing a lawsuit against Defendants, they "punish[ed] me by installing a small camera in front of my car just because I file and oppose their discrimination policies." (*Id*.)

The FHA prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a)–(b). Count 2 of Rojas's Complaint appears to bring a disparate-impact claim under the FHA, as opposed to a claim based on disparate treatment. (*See* Compl. at 5 ("The defendant in a disparate impact has policies & practices that disproportionately harm[] a protected minority group.").) "In contrast to a disparate-treatment case, where a plaintiff must establish that the defendant had a discriminatory intent or motive, a plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1110 (8th Cir. 2017)

(quoting *Texas Dep't. of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015)) (cleaned up).

Count 4 of Rojas's Complaint alleges that Defendants have engaged in retaliation. "The FHA . . . prohibits retaliation against any person on account of [their] having exercised or enjoyed a right granted or protected by the FHA." *Gallagher v. Magner*, 619 F.3d 823, 838 (8th Cir. 2010); *see* 42 U.S.C. § 3617.

As an initial matter, Defendants correctly note that the FHA imposes a statute of limitations requiring that "[a]n aggrieved person . . . commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Rojas initiated this Complaint in April 2025, which means that the statute of limitations period encompasses any discriminatory housing practices that occurred after April 2023. Of the facts contained in Rojas's Complaint and attachments, only the events alleged in the June 2024 letter took place after April 2023. (Compl., Ex. 2.)

But even setting aside the statute of limitations issue and considering all the allegations contained in Rojas's Complaint and attachments, the Court concludes that Rojas does not allege facts sufficient to plausibly support either of his FHA claims.

The Court turns first to Rojas's disparate-impact claim (Count 2). Although the letters attached to Rojas's Complaint contain allegations that Rojas was mistreated by tenants living in his apartment complex, Rojas does not sufficiently allege that Defendants

knew about those incidents and failed to act, and that this inaction rose to the level of creating a policy or practice adversely impacting minorities. He has thus failed to allege facts that plausibly support a prima facie case of disparate impact. *See Ellis*, 860 F.3d at 1112 (clarifying that plaintiffs under the FHA must "allege facts at the pleading stage" sufficient to make "a prima facie case of disparate impact").

Second, with respect to Rojas' claim Mr. Didier violated the FHA by retaliating against him (Count 4), Rojas again does not allege facts sufficient to plausibly support his FHA claim. Rojas's vague allegation regarding the installation of a camera trained at Rojas's parking spot (*see* Compl., Ex. 2)—which seems to be the only alleged fact pertaining to retaliation—is insufficient support a plausible claim for relief.

Accordingly, the Court will grant Defendants' Motion to Dismiss as to Rojas's claims under the FHA.

### B. Rojas's State Law Claims

Defendants seek dismissal of Rojas's Complaint in its entirety on the grounds that he has failed to state a claim under either federal or state law. However, as discussed above, the Court will dismiss Rojas's claims under the FHA, and these claims provide the only basis for this Court's original jurisdiction. Under 28 U.S.C. § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction," the Court "may decline to exercise supplemental jurisdiction" over the remaining claims.

With no surviving claims giving rise to federal question jurisdiction, the Court determines that it is appropriate to remand Rojas's remaining state law claims to state

court. *See Ali v. Ramsdell*, 423 F.3d 810, 812 (8th Cir. 2005) (stating that where all federal claims are dismissed on the merits, the district court has discretion to remand pending state law claims.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss [Docket No. 5] is **GRANTED in part and DENIED in part**.

    a. Counts 2 and 4 of Plaintiff's Complaint are **DISMISSED without prejudice**.

    b. Defendants' motion is **DENIED as moot** as it pertains to Counts 1 and 3 of Plaintiff's Complaint.

2. Plaintiff's Motion to Proceed [Docket No. 12], Defendants' Amended Motion to Dismiss [Docket No. 20], Plaintiff's Motion to Expedite [Docket No. 28], Defendants' Second Amended Motion to Dismiss [Docket No. 31], Plaintiff's Motion to Rebut Motion for Dismissal [Docket No. 32], Plaintiff's Motion to Correct [Docket No. 36], Plaintiff's Motion for Exhibit #12 Retaliation [Docket No. 38], Plaintiff's Second Motion to Expedite Case [Docket No. 44], and Plaintiff's Motion to Expedite and Motion for Retaliation [Docket No. 46] are **DENIED as moot**.

3. This case is **REMANDED** to State of Minnesota District Court, Washington County.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

| | |
|---|---|
| DATED:  December 30, 2025<br>at Minneapolis, Minnesota. | ___/s/ John R. Tunhein___<br>JOHN R. TUNHEIM<br>United States District Judge |